## No. 10,016.

### THE STATE OF LOUISIANA vs. THE AMERICAN COTTON OIL TRUST, ET AL.

The only question on this appeal is as to whether a cause of action is set forth against Glenny & Violett.

Considering the allegation of the petition that the principal defendant has sold or exchanged $34,000,000 of stock certificates for $10,000,000 or less of property; and considering that the sole allegation connecting G. & V. with the matter is the simple one that they are engaged in selling and dealing in these certificates, without any suggestion that they act as agents of the Trust, or enjoy any exclusive privilege not open to every other person. Held : First, that no reason is set forth for enjoining G. & V. from selling, while leaving the rest of the world at liberty to do so; second, that whatever be the validity of the certificates as shares of stock, and whether or not they confer on the holders the privileges of corporate shareholders, they certainly represent an interest in the property for which they were taken, and have a value, and cannot be placed *hors de commerce* by an injunction.

State vs. American Cotton Oil Trust et al.

A PPEAL from the Civil District Court for the Parish of Orleans ;
Houston, J.

M. J. Cunningham, Attorney General, and E. Howard McCaleb, for
the State, Appellant.

Bayne, Denegre & Bayne and Semmes & Legendre for Defendant and
Appellee.

J. O. Nixon, Jr., for Glenny & Violett, Defendants and Appellees.

The opinion of the Court was delivered by

FENNER, J.  The State is appellant from two judgments, with
which the main defendant in the case has no concern, and which are
exclusively in favor of a subordinate defendant, the firm of Glenny &
Violett.  The first judgment is one dissolving the preliminary injunc-
tion, in so far as it concerned Glenny & Violett, and the second is one
maintaining their exception of no cause of action and dismissing the
suit as to them.  A similar exception interposed by the American
Cotton Oil Trust was overruled and the case, as to it, must pass to
trial on the merits in the court below.  The Oil Trust is not a party to
this appeal and it is important that we should not trench upon the
merits of its important controversy with the State further than the
necessities of the case before us absolutely require.

The suit, as against the Oil Trust, has a two-fold object; first to
restrain it from carrying on business, violating as is alleged, the Con-
stitution of the State; secondly, to have it adjudged guilty of unlaw-
fully usurping the franchises and privileges of a corporation without
being duly incorporated.

Amongst other things, the petition alleges that the Oil Trust "has
issued some $34,000,000 of stock certificates and has sold or exchanged
the same for property less than $10,000,000 in value."

The solitary allegation connecting Glenny & Violett with the mat-
ter is the following: "That Glenny & Violett, a commercial firm domi-
ciled and doing business in the city of New Orleans, are engaged in
selling and dealing in so-called shares of stock issued by the said
American Cotton Oil Trust."

This allegation does not import that, in their dealing, Glenny &
Violett act, in any manner, as the agents of the Oil Trust, or that they
enjoy any exclusive privilege of selling and dealing in these certifi-

cates, or that they are doing anything which any number of other persons may not also be engaged in doing.

We are at once confronted with the inquiry as to how the purposes of the State in this suit are to be advanced by enjoining Glenny & Violett from dealing in these certificates, while leaving all the rest of the world at liberty to do so.

But a still more pertinent suggestion presents itself, which is this: If, as alleged, these certificates have been taken as the price or in exchange for $10,000,000 of property transferred to the Trust, then, whatever be their validity and effect as shares of stock, whether or not they confer on the holders the privileges of corporate stockholders, and whether or not they confer any right to participate in the carrying on of any illegal business—yet, they undoubtedly do represent an interest in the property referred to and, as such, have a legal and real value, and we cannot understand how such property rights can be placed *hors de commerce* by an injunction.

Judgment affirmed.